GEORGE J. HOFFMANN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROY C. GODDIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOSIAH P. LEMASTER AND JEANNETTE W. LEMASTER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 15252, 15253, 15281. Promulgated December 22, 1948.

*Donald M. Harris, Esq.*, and *John M. Veague, Jr., Esq.*, for the petitioners.

*John E. Mahoney, Esq.*, for the respondent.

1060

OPINION.

KERN, *Judge*: Petitioners seek the benefit of section 107 (a) of the Internal Revenue Code[1] with respect to the management stock received in 1943 for their managerial services rendered to a corporation from 1935 to 1943.

Respondent contends that petitioners are not entitled to the benefit of this section of the code because the management stock was not 80 per cent of the total compensation for their personal services rendered, since there must be added to the value of this stock the payments of salaries and fees received by petitioners from the corporation for acting as officers, directors, and employees in calculating whether the value of this stock constituted 80 per cent of their total compensation for personal services.

On the other hand, petitioners, although conceding on brief that the value of the management stock received by them in 1943 constituted compensation rather than gifts,[2] contend that it was the entire compensation for personal services received pursuant to a compensation arrangement separate and distinct from their compensation arrangement with the new corporation and, in effect, was paid to them by the bondholders of the old company rather than by the new corporation. Therefore, they urge that the compensation received by them from the new corporation is to be disregarded in determining whether the value of the management stock was "at least 80 per centum of the total compensation for personal services" received by them.

Assuming, without deciding, that petitioners are correct in their position that the management stock was compensation which they received from an ultimate source other than the new corporation, of which they were officers and employees, and pursuant to an arrangement separate from their compensation arrangement with the corporation, nevertheless, we are unable to conclude that the management stock was the total compensation for personal services received by them within the meaning of section 107.

The principal criterion to be applied in cases such as this is the divisibility of the personal services rendered rather than the divisibility of the source of the compensation. See *Civilette* v. *Commissioner*, 152 Fed. (2d) 332; *Smart* v. *Commissioner*, 152 Fed. (2d) 333. These cases, as we interpret them, are to the effect that divisible sources

---

[1] SEC. 107. COMPENSATION FOR SERVICES RENDERED FOR A PERIOD OF THIRTY-SIX MONTHS OR MORE AND BACK PAY.

(a) PERSONAL SERVICES.—If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt of accrual.

[2] This conclusion is in accord with *Batterman* v. *Commissioner*, 142 Fed. (2d) 448.

of the payment of compensation do not result in the divisibility of the services for which compensation is paid; and, unless the services themselves are divisible, the compensation received therefor, regardless of source, must be lumped together in considering the applicability of section 107.

Here the compensation received by petitioners, including the management stock, can be considered only as in payment for their managerial services rendered as officers and employees of the new corporation, which were of direct benefit to the corporation and of indirect benefit to the holders of securities in that corporation who had been bondholders of the old company. To hold that these services were divisible, in that a part of them were rendered to the corporation and a part of them were rendered to the bondholders of the old company, would ignore reality. In addition, any arrangement between the bondholders and petitioners which would tend to create divergent interests as between the corporation and its security holders with regard to the services of the corporate officers and employees, or which would promote other than the utmost loyalty of the latter to the corporation, would be looked upon with disfavor. See New York General Corporation Law, secs. 27 and 60; Fletcher, Cyclopedia Corporations, vol. 3, sec. 1012.

We are of the opinion that a sense of reality and public policy require the interpretation of the facts (including the assumptions of ultimate fact in favor of petitioners already noted) to be essentially as follows: Petitioners were employed as officers and employees by the new corporation, which compensated them for their personal services rendered pursuant to this employment. The bondholders of the old company, who became the holders of bonds and stock of the new corporation, were indirectly, although vitally, interested as such security holders in the success of the new corporation. In order to encourage petitioners and other officers and employees to render to the new corporation the utmost in loyal and effective managerial services, the security holders of the corporation arranged that, when those services should effect certain financial results of direct benefit to the corporation and of indirect benefit to them, additional compensation in the form of stock would be paid to the officers and employees for the services already rendered to the corporation. The services thus compensated from two sources, were the same, and, as between the corporation and the bondholders, were indivisible. Since the services were the same and indivisible, the compensation therefor received from all sources must be combined in determining "the total compensation for personal service" under section 107.

It should be noted that the recent case of *Heath* v. *Early*, —— Fed. (2d) —— (C. C. A. 4, Oct. 9, 1948), affirming 77 Fed. Supp. 474, is in

apparent conflict with the views which we have expressed. However, in that case it seems that the principal question considered by the court was whether the required percentage of the total compensation must be received in one taxable year. This appears from the citation in the Circuit Court's opinion of two cases as dispositive of the question there involved. Those two cases, *Bergh* v. *Pedrick*, 168 Fed. (2d) 663, and *Slough* v. *Commissioner*, 147 Fed. (2d) 836, are pertinent only as to the question of whether the compensation must be received in one year. If the opinion of the Circuit Court of Appeals for the Fourth Circuit indicates a view that compensation must be treated separately under section 107 because it is derived from different sources, although in payment for the same services, then, in spite of our respect for that court, we must note our inability to arrive by reason at the same result.

Reviewed by the Court.

*Decision will be entered for respondent.*